IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 17-cv-00117-RBJ

CHRISTINA E. GUERRERO,

    Plaintiff,

v.

DENVER HEALTH & HOSPITAL AUTHORITY, a body corporate and a political subdivision of the State of Colorado,

    Defendant.

## ORDER

Plaintiff moves to remand this case to the District Court for the City and County of Denver [ECF No. 13]. The motion is granted.

### BACKGROUND

Christina Guerrero worked for Denver Health and Hospital Authority ("Denver Health") for fifteen years before resigning in March 2015. ECF No. 1-1 at ¶¶ 3, 45–50. Ms. Guerrero suffers from keratoconus, an eye disorder that results in progressive thinning of the cornea. *Id.* ¶ 5. She says she can enjoy a productive work life with appropriate accommodations, but otherwise she risks becoming blind. *Id.* For most of her time at Denver Health, Ms. Guerrero worked remotely from a home office that was equipped with such accommodations, including special lighting, wood floors, and an HVAC humidifier. *Id.* ¶ 6.

But in February 2013 Denver Health required Ms. Guerrero to begin working onsite for indefinite periods of time. *Id.* ¶ 14. Ms. Guerrero refused to comply and was fired. *Id.* She contested this termination, however, and was reinstated under a settlement agreement ("the Settlement Agreement") that provided for workplace accommodations so that she could work onsite. *Id.* ¶¶ 15–16.

Ms. Guerrero went back to work in September 2013, primarily from her home office, but she alleges that she soon faced a pattern of harassment. *Id.* ¶¶ 17–18. She claims that Denver Health never provided the ergonomic work station or computer monitor it had pledged in the Settlement Agreement. *Id.* ¶ 18. When Ms. Guerrero requested Family Medical Leave Act ("FMLA") leave in May 2014, her request was initially denied before it was approved. *Id.* ¶ 19. During and after Ms. Guerrero's FMLA leave, her work was audited and allegedly misrepresented to make it appear that her performance was inadequate. *Id.* ¶¶ 22–26. Her health deteriorated at the end of 2014, so she requested and was granted Americans with Disabilities Act leave. *Id.* ¶¶ 28–29. On her return in February 2015, she was required to work onsite without the promised workplace accommodations. *Id.* ¶¶ 30–36. She tried working for a week without the accommodations but began having eye pain and sought emergency treatment. *Id.* ¶¶ 37–38. The following week Ms. Guerrero met with Denver Health management but made no progress in obtaining the needed accommodations, so she resigned. *Id.* ¶¶ 41–50.

On January 4, 2017 Ms. Guerrero filed suit against Denver Health in the Denver District Court. *Id.* at 1. She claims that Denver Health is liable for: 1) retaliatory constructive discharge "because she has been participating in protected activities[,] including objecting to illegal or improper actions by her employer," "for exercising her rights under the FMLA," and "because

she has insisted that Denver Health honor its obligations set forth in the Settlement Agreement"; (2) violation of the Colorado Anti-Discrimination Act; and (3) breach of the Settlement Agreement. *Id.* ¶¶ 56–71.

The following week, Denver Health filed a notice of removal in this Court. ECF No. 1. Denver Health argues that Ms. Guerrero's retaliation claim arises under federal law because it references the FMLA, so this Court has original jurisdiction over that claim and supplemental jurisdiction over her other claims. *Id.* at 2.

On January 25, 2017 Ms. Guerrero filed a motion to remand this case back to the Denver District Court. ECF No. 13. She contends that her retaliation claim does not arise under federal law, so removal is improper. *Id.* at 5–7. The motion has been fully briefed. *See* ECF Nos. 15, 17.

## ANALYSIS

An action filed in a state court may be removed to federal court if the dispute "aris[es] under" federal law. *See* 28 U.S.C. §§ 1331, 1441(a). Although the U.S. Constitution allows Congress to grant federal courts jurisdiction over all cases in which an issue of federal law "forms an ingredient," *Osborn v. Bank of U.S.*, 22 U.S. 738, 823 (1824), the statutory grant of jurisdiction has been construed more narrowly. A federal court generally has original jurisdiction over a dispute only if a question of federal law appears on the face of its well-pleaded complaint. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Denver Health argues that Ms. Guerrero explicitly pled a claim under the FMLA, and that no state law could provide a basis for this claim on the facts alleged. ECF No. 15 at 1–2. To establish a prima facie case of retaliation under the FMLA, a plaintiff must show that: "(1) she

availed herself of a protected right under the FMLA; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between the two actions." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1325 (10th Cir. 1997). Here, Ms. Guerrero alleges that she has "exercise[ed] her rights under the FMLA," suffered "adverse employment actions," and that this retaliation was prompted "in part" by her decision to avail herself of her FMLA rights. ECF No. 1-1 at ¶ 58. Denver Health is therefore correct that these allegations could state a claim under the FMLA.

But Ms. Guerrero's complaint could also be read to state a claim under Colorado law. In Colorado, "the public policy exception allows at-will employees to pursue claims for wrongful discharge if they allege that they were discharged because they engaged in conduct that is protected or encouraged as a matter of public policy." *Kearl v. Portage Envtl., Inc.*, 205 P.3d 496, 499 (Colo. App. 2008). Accordingly,

> a plaintiff may state a claim for retaliatory discharge in violation of public policy by alleging that he or she was employed by the defendant; that the defendant discharged him or her; and that the defendant discharged him or her in retaliation for exercising a job-related right or performing a specific statutory duty, or that the termination would undermine a clearly expressed public policy.

*Id.*; *accord Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 108 (Colo. 1992); Colo. Jury Instr., Civil 31:13 (2016). Once again, Ms. Guerrero alleges that she was employed by Denver Health, that she was subject to "adverse employment actions" including constructive discharge, and that she faced this retaliation for exercising her FMLA rights. *See* ECF No. 1-1 at ¶¶ 3, 44, 48–58.

Colorado courts read this public policy exception to the at-will employment doctrine as applying to both state and federal laws. *See Montoya v. Local Union III of the Int'l Bhd. of Elec. Workers*, 755 P.2d 1221, 1223 (Colo. App. 1988) (holding that an employee's claim for

wrongful discharge was cognizable where the employee claimed he was fired for refusing to violate the federal Labor Management Reporting and Disclosure Act); *Martin Marietta*, 823 P.2d at 107 (citing favorably *Montoya* and *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081 (Wash. 1984)); *see also Thompson*, 685 P.2d at 1085–86 ("State and federal legislation has modified the [at-will employment] rule.  For example, the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) prohibits discharges of employees based upon race, color, religion, sex, or national origin.").  Therefore, Ms. Guerrero's complaint could support a common law claim for retaliation as well.

In context, however, Ms. Guerrero's complaint is best understood as seeking relief solely under Colorado law.  She titles her first claim for relief "Retaliation," similar to her common law claim for "Breach of Settlement Agreement," in contrast with her statutory claim titled "Colorado Anti-Discrimination Act, C.R.S., § 24-34-401, *et seq.*"  ECF No. 1-1 at 9–10.   Next, Ms. Guerrero alleges that she faced retaliation after "objecting to illegal or improper actions by" Denver Health, "exercising her rights under the FMLA," and "insist[ing] that Denver Health honor its obligations set forth in the Settlement Agreement."  *Id.* ¶¶ 57–59.  Her complaint alleges facts to support a retaliation claim based not only on her taking FMLA leave, but also on her objecting to Denver Health's failure to provide workplace accommodations and insisting that it comply with their Settlement Agreement.  *See id.* ¶¶ 30–36, 41–50.  Whether or not Ms. Guerrero can succeed in bringing a common law retaliation claim on these grounds, her complaint plainly reflects her intent to assert such a claim.[1]  Additionally, although Denver Health points out that "she does not identify a state law basis for her retaliation claim," ECF No.

---

[1] In her motion to remand Ms. Guerrero expressly states that she "has pleaded only causes of action under state law."  ECF No. 13 at 5.

15 at 3, her complaint likewise does not identify a federal law basis for her claim, *see* ECF No. 1-1 at ¶¶ 56–60.  This is consistent with notice pleading, so long as she asserts facts that plausibly could support a claim.  *See* Fed. R. Civ. P. 8(a)(2); Colo. R. Civ. Proc. 8(a).

Even if it were ambiguous whether Ms. Guerrero pled a state or federal law claim, this Court could not accept jurisdiction.  Since Denver Health is invoking the Court's jurisdiction in this case, it bears the burden of establishing that the requirements for federal jurisdiction have been met.  *See Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997).  "[R]emoval statutes[] are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005).  As a result, "[d]oubtful cases must be resolved in favor of remand." *Archuleta*, 131 F.3d at 1370; *see also Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).  Thus, even if it were merely "doubtful" or "uncertain[]" whether Ms. Guerrero's retaliation claim arises under state or federal law, remand would still be appropriate.

## ORDER

For the foregoing reasons, plaintiff's motion to remand [ECF No. 13] is GRANTED, and the case is remanded to the District Court for the City and County of Denver for further proceedings.

DATED this 22nd day of March, 2017.

BY THE COURT:

7

_____
R. Brooke Jackson
United States District Judge